The PEOPLE of the State of Colorado, Petitioner-Appellee, In the Interest of A.L.C., Minor Child-Appellant,

and Concerning, J.C., Respondent.

No. 81CA0955.

Colorado Court of Appeals, Div. III.

Dec. 30, 1982.

Rehearing Denied Jan. 27, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Susan P. Mele Sernovitz, Asst. Attys. Gen., Denver, for petitioner-appellee.

J. Gregory Walta, State Public Defender, Linda Hotes, Deputy State Public Defender, Denver, for minor child-appellant.

TURSI, Judge.

This matter comes before us on appeal from the trial court's denial of respondent's motion for a change of judge. We reverse the denial of the motion and vacate the disposition entered.

A.L.C. was adjudicated a delinquent. When the matter came on for a disposition hearing, there was a colloquy between the presiding judge and counsel for A.L.C. concerning the report of the probation department. The judge offered A.L.C. additional time to consider the probation report, and, with the concurrence of A.L.C., the dispositional hearing was set over for three days.

At the continued hearing, A.L.C. filed a verified motion to disqualify the judge. The motion sets forth statements allegedly made by the judge at the disposition hearing which, if true, reflect a prejudgment of the case. The attached affidavits refer to and verify the facts as alleged in the motion. The challenged judge heard arguments on A.L.C.'s motion, explained the purported statements, disclaimed prejudgment or bias, and denied the motion to disqualify himself. After the taking of evidence and hearing arguments of counsel, the challenged judge entered a decree of disposition committing A.L.C. to the Department of Institutions.

We first note that proceedings in delinquency are to be conducted in accordance with the Colorado Rules of Criminal Procedure. C.R.J.P. 1. Crim.P. 21(b)(3) contains the same grounds for disqualification as those found in § 16–6–201, C.R.S.1973 (1978 Repl.Vol. 8).

Since, pursuant to § 16–6–201(3), C.R.S.1973 (1978 Repl.Vol. 8), the judge at whom the motion is directed may, after self-disqualification, request a hearing before another judge on the issues raised in respondent's motion and affidavits, even though Crim.P. 21(b) is silent thereon, we hold that a challenged judge in juvenile delinquency matters may do so. Such hearing, held before another judge assigned to hear the matter pursuant to § 16–6–201(4), C.R.S.1973 (1978 Repl.Vol. 8), is the appropriate time for a challenged judge who desires to contest the truth of the allegations to present testimony concerning the facts alleged.

The rule and its statutory counterpart on change of judge must be strictly applied. "As a matter of judicial policy, the court must accept as true the facts stated in the motion and affidavits for disqualification of a judge." *People v. Botham*, 629 P.2d 589 (Colo.1981). The court must look "solely to the sufficiency of the motion and accompanying affidavits...." *Botham, supra.* Thus, even though it may later be demonstrated that the facts alleged in the motion and affidavits were incorrect, nevertheless, those mere allegations trigger the application of the rule and statute. Here, as a matter of law, the motion and affidavits are sufficient to require disqualification. *People v. Botham, supra.* Therefore, we do not address the issue of whether ultimately they would be sustained at an evidentiary hearing.

Findings made at a hearing on a motion to disqualify are entered as part of the trial court record. If those findings support disqualification of the challenged judge, then, under § 16–6–201(3), the judge hearing the motion to disqualify shall certify the need for another judge to continue respondent's case. If the findings do not support disqualification, the challenged judge may resume consideration of the case.

Here, however, an appropriate hearing before a different judge was not held, and thus, the challenged judge's denial of the motion for disqualification cannot stand.

■ Contrary to the contention of the People, we do not find it necessary for the affiants to allege they are not related to respondent. Further, this contention was not raised as an issue at the trial court, nor as a factual problem in this appeal.

The challenged judge's denial of the motion for disqualification is reversed, and since a dispositional hearing was held without a request for a hearing pursuant to § 16–6–201(3), C.R.S.1973 (1978 Repl.Vol. 8), we vacate the decree of disposition and remand for a new dispositional hearing before another judge.

STERNBERG and KIRSHBAUM, JJ., concur.